## THE ENGLEWOOD.

### UNITED STATES v. JERSEY-AMERICAN S. S. CO.

#### No. 12110.

District Court, E. D. New York.
Jan. 16, 1932.

**320**

Howard W. Ameli, U. S. Atty., and A. M. Menkel, Sp. Asst. to U. S. Atty., both of Brooklyn, N. Y.

Rumsey & Morgan, of New York City (John Tilney Carpenter, of New York City, of counsel), for Smith & Kelly Co., Inc.

Haight, Smith, Griffin & Deming, of New York City, for Thomas A. Digan, Inc.

CAMPBELL, District Judge.

This is a motion to confirm the report of the special commissioner in an admiralty suit.

The only exceptions filed are on behalf of Smith & Kelly Company, Inc., who except on the ground that the special commissioner failed to allow a portion of its claim amounting to $525, with interest, as a claim having priority over that of the United States of America, and for failing to find that the libelant is entitled to payment of this sum from the registry of the court.

Under subsections P, Q, and R, of section 30 (Merchant Marine Act 1920) the Ship Mortgage Act of 1920, 41 Stat. 1000, now title 46, §§ 971, 972, 973, U. S. Code (46 USCA §§ 971–973), the master is given power to create a maritime lien on the vessel for advances for seamen's wages, and a presumption is created that in making advances for such purpose they are made on the credit of the vessel, and those making such advances are not required to prove that in making such advances there was any specific agreement that they were made on the credit of the vessel.

Under the terms of the preferred mortgage, neither the shipowner nor master could create liens on the ship other than for crew's wages and salvage.

The crew had a maritime lien for their wages. Title 46, § 953, subdivision (a), U. S. Code (46 USCA § 953 (a).

Those who advanced money to the master to pay crew's wages are entitled to a maritime lien of the same rank. The Ruth E. Merrill (C. C. A.) 286 F. 355.

If the advances of a ship's agent be guaranteed by the owner, the agent will be held to make the advances on the credit of the owner and not of the ship, but the statute creates the presumption that advances for seamen's wages are made on the credit of the ship, and, there being no evidence that there was any such guaranty in the instant suit, the presumption has not been rebutted.

There being no express agreement in the instant suit, but the right to a maritime lien as to seamen's wages advanced being claimed by subrogation, it is incumbent on the libelant, Smith & Kelly Company, Inc., to show the individual seamen paid and the amounts paid to each, and it cannot sustain a maritime lien by simply showing an advance to the master of a specified sum for the purpose of paying seamen's wages, without showing the application of it for that purpose, in the particular manner I have indicated.

The so-called advance sheets were not before this court, and a general statement that a certain sum was paid is not sufficient.

There was competent evidence that $241.-46 of the sum advanced by said Smith & Kelly Company, Inc., was paid to certain named seamen in certain definite amounts, for which said seamen had maritime liens, and as to that sum, with interest from the date advanced, the said Smith & Kelly Company,

Inc., is entitled to priority over the preferred mortgage.

The exceptions of Smith & Kelly Company, Inc., are sustained only to the extent of $241.46, with interest from the date advanced.

The report of the special commissioner will be modified by granting Smith & Kelly Company, Inc., priority to the extent of $241.46, with interest from the date advanced, over the claim of the United States of America, and to that extent Smith & Kelly Company, Inc., is entitled to participate in the fund in the registry of the court.

The report of the special commissioner is modified as aforesaid, and as so modified is confirmed.

The special commissioner is allowed $125.