## RECONSTRUCTION FINANCE CORP. v. THE WILLIAM D. MANGOLD.

No. 19642.

United States District Court,
E. D. New York.

June 29, 1951.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., for libelant, Louis E. Greco, Dept. of Justice, New York City, of counsel.

Kreis & Seaman, New York City, for another libelant.

INCH, Chief Judge.

This action was instituted to foreclose a preferred mortgage on the oil screw William D. Mangold. The libelant, Reconstruction Finance Corporation, is the assignee and holder of this preferred mortgage in the sum of $16,000. It was executed by Fenner & Sprague, Inc., the corporate owner of the vessel, to South Side Bank of Bay Shore.

Findings of fact, conclusions of law and a final decree based thereon, were entered in this action on March 27, 1951, wherein it was adjudged that the mortgage was a valid and subsisting first lien on the William D. Mangold. The final decree provided that the libelant recover the sum of $13,518.30, with interest thereon at the rate of 6% from the date of the entry of the decree until paid. Pursuant to a writ of venditioni exponas the vessel was sold on April 10, 1951 to libelant for the sum of $10,000, so that there is a deficiency of approximately $3,500.

On April 9th, 1951, shortly before the sale of the William D. Mangold, one Eirik Kirkeberg, doing business under the trade name and style of Gravesend Machine Shop, filed a libel against the William D. Mangold to recover the sum of $8,353.47, based on an alleged claim for supplies, services and materials and monies advanced to discharge liens on the vessel in the amount of $5,480.47, and in addition the amount of $2,873.00 based on an alleged claim for services and repairs to the vessel by one Bayard C. Fenner, Jr. (President of the corporate owner of the vessel and its master), who assigned his claim to Kirkeberg.

On May 16, 1951 libelant made a motion to confirm the sale of the vessel to libelant by the United States Marshal of this District, and to allocate the proceeds of such sale in partial satisfaction of the final decree entered on March 27, 1951.

Kirkeberg filed an affidavit in opposition to the motion, insofar as it would allocate the proceeds of the sale to libelant in partial satisfaction of the final decree, in which he set forth the filing of the above-mentioned libel and further stated that "deponent is advised, and verily believes, that his claim for crew's wages and that portion of his claim for monies advanced to discharge liens of crew's wages, are paramount to the claim of the libelant, Reconstruction Finance Corporation, upon its mortgage." No mention was made of any monies advanced to pay instalments of principal and interest on the preferred mortgage, or that Kirkeberg was entitled to any lien equal in rank to that held by libelant, the preferred mortgagee.

Libelant's motion confirming the sale was granted and the matter was set down for a hearing with respect to the allocation of the proceeds of the sale. At this hearing it was stipulated that Kirkeberg advanced $1,399.86 to Fenner & Sprague, Inc. for the payment of two instalments of principal and interest due on the preferred first mortgage and that all other payments, with the exception of $50 alleged to have been advanced to Bayard C. Fenner, Jr., to induce members of the crew to make another voyage, were made on a second mortgage which is not involved in this proceeding.

Thus it is now Kirkeberg's contention that since he advanced $1,399.86 to Fenner & Sprague, Inc. to pay two installments of principal and interest on the preferred mortgage, he is "subrogated" pro tanto to the rights of the preferred mortgagee because "one who advances money to discharge a lien, acquires a lien of equal dignity".

It appears that Kirkeberg, at the request of the mortgagor, made advances to the mortgagor so that it might make payments of principal and interest which had become due on the preferred mortgage. There is no evidence of the assignment of any part of the mortgage to Kirkeberg, or of any agreement between the mortgagee and Kirkeberg. In fact no evidence was presented that the mortgagee was even aware that Kirkeberg was making personal advances to the mortgagor for the purpose of making payments on the mortgage, or that Kirkeberg would attempt or claim to stand on an equal footing with the mortgagee. Thus, Kirkeberg is in the position of a mere volunteer who pays off a debt at the instance of the debtor, or lends money to the debtor to pay off such a debt, and, consequently, he is not entitled to be subrogated to the lien of the creditor so paid off. See J. P. Browder & Co. v. Hill, 6 Cir.,

136 F. 821, 823–824; Hooper v. Robinson, 98 U.S. 528, 539, 25 L.Ed. 219. Certainly, he is not entitled to be "subrogated" to a portion of the lien of the preferred creditor against the creditor itself who has not been paid in full. Moreover, to hold otherwise would require a preferred mortgagee to make extensive inquiry into the source of payments received from the mortgagor in order to protect the priority of his preferred lien.

■ Concerning Kirkeberg's claim to a priority lien in the sum of $50 alleged to have been advanced to Bayard C. Fenner, Jr., the master of the vessel, in order to enable him to pay members of the crew to induce them to make another voyage on the vessel, I find that he has failed to sustain the burden of proof thereon. Kirkeberg produced a cancelled check for $50 payable to "B. Fenner", and Fenner testified that he received the check and paid $10 to each of five members of the crew to induce them to remain with the vessel, but that the amount was not subsequently deducted from the crew's wages because the next trip was not sufficiently remunerative for the crew. However, there is no indication on the check as to the purpose of the $50 payment, and, although requested by libelant, no payroll or other record was produced showing that the money was advanced to the crew. As stated in The Florine, 1927 A.M.C. 1717, "the law is that when a party advances money to pay the wages of the crew of a vessel, or to pay supply and repair claims on a vessel, and asserts a lien against the vessel for such advances in a concursus proceeding as against third parties, he must prove with certainty that the money so advanced went directly to pay lien claims against the boat." After observing the witnesses and considering the evidence presented, I find that Kirkeberg has failed to sustain this burden of proof.

Accordingly, libelant's motion to allocate the proceeds of the sale of the William D. Mangold to the libelant in partial satisfaction of the final decree entered herein on March 27, 1951 is granted.

Settle order.